UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                                    Plaintiff, | 6:26-CV-06430 EAW

v.

CONRAD NEIL NORMANN,

                                                    Defendant.

## FINAL JUDGMENT CONVERTING THE COMMISSION'S ORDER TO A FINAL JUDGMENT

Plaintiff Securities and Exchange Commission (the "Commission") having applied to this Court pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c) and Section 21(e) of the Securities Exchange Act ("Exchange Act"), 15 U.S.C. § 78u(e), to convert to a Final Judgment the monetary portions of the Commission Order, *In the Matter of Conrad Neil Normann*, dated August 16, 2022 ("Commission Order"), which among other things, directed Conrad Normann ("Normann") within 14 days of the entry of this Order, pay to the Commission disgorgement of $94,891.00, prejudgment interest of $15,447.37, and a civil monetary penalty in the amount of $50,000, with additional interest accruing pursuant to SEC Rule of Practice 600 and 31 U.S.C. § 3717, and, as Normann has not paid, and has consented to entry of judgment (Dkt. 5-1), and the Court having jurisdiction pursuant to Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c), and Section 21(e) of the Exchange Act, 15 U.S.C. § 78u(e), and the Investment Advisers Act ("Advisers Act"), Section 209(d), 15 U.S.C. § 80b-9(d), and it appearing that such application should be granted,

1

**IT IS HEREBY ORDERED, THAT:**

1.     The monetary portions of the Commission Order be enforced.

2.     Normann shall comply with the Commission Order by paying to the Commission the outstanding balance due pursuant to the Commission Order, plus accrued interest pursuant to SEC Rule 600 and 31 U.S.C. § 3717 until the entry of this Final Judgment, together with post-judgment interest pursuant to 28 U.S.C. §1961 from the date of the entry of this Final Judgment until the Commission is paid in full.

3.     Payment may be made electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request made to Disgorgement-Penalty@sec.gov. Payment may also be made directly from a bank account via Pay.gov through the SEC website at https://www.sec.gov/paymentoptions. Normann may also pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. The funds may be hand-delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> HQ Bldg., Room 181, AMZ-341
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

Payments must be accompanied by a cover letter identifying Normann as the Defendant in this action, and the name of this Court and the docket number of this action. A copy of the cover letter and payment confirmation must be sent to Maureen Peyton King, Securities and Exchange Commission, New York Regional Office, 100 Pearl Street, Room 20-100, New York, NY 10004. Upon such payments due under this Final Judgment being fully made, the Commission will provide Normann with a full satisfaction of Final Judgment and discharge any Final Judgment

2

lien it may have docketed.

4.    By making such payment Normann relinquishes all legal and equitable right, title and interest in such funds, and no portion of such funds shall be returned to Normann. The Commission shall send funds received to the United States Treasury.

5.    If Normann does not pay the above amounts, the Commission may enforce this Final Judgment through the remedies available by law to collect the unpaid balance.

6.    The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

7.    The Court may order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

8.    Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Application are true and admitted by Normann, and further, any debt for amounts due by Normann under this Final Judgment, or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, constitutes a debt for the violation by Normann of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: June 22, 2026
      Rochester, New York

3